UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------  X
SOHEL AHMED,                                                  :
                                                Plaintiff,    :   **MEMORANDUM DECISION AND ORDER**
                          - against -                          :   21-cv-0076 (BMC)
JEFFREY ROSEN, *et al.*,                                      :
                                   Defendants.   :
------------------------------------------------------------  X

**COGAN**, District Judge.

      In this immigration/mandamus case, the Government has moved for remand to USCIS without prejudice to reinstatement if USCIS fails to determine his N-400 application within 21 days thereafter. In effect, the Government has stipulated that upon remand, USCIS will adjudicate the application within 21 days.

      Although this relief would be consistent with the demand in plaintiff's complaint, plaintiff opposes the Government's motion. His first request is that I should adjudicate his N-400 myself, as I am authorized to do under 8 U.S.C. § 1447(b). Alternatively, he asks that if I remand, I do so with instructions that if USCIS denies his application, it must adjudicate his adminstrative appeal within 30 days thereafter and waive the filing fees.

      Plaintiff's reason for rejecting the Government's proposed relief is not persuasive. He contends that although he knows of no reason his application should be denied, the fact that it has taken USCIS about eighteen months to investigate it leads him to believe that it will be denied, which would be "arbitrary and capricious," and that the appellate process would require a

$700 fee and take years to complete.  Not only is there a lot of speculation inherent in plaintiff's objection, but even if he is correct, he has given no reason why I should permit him to jump the line ahead of the many other similarly (or even worse) situated applicants, or waive fees that all initially unsuccessful applicants must pay. He has already secured an advantage over other applicants by bringing this action and obtaining the Government's commitment to adjudicate the application in 21 days.

On these facts, I will not exercise my discretion to wade into an area where agency expertise is of substantial value.  In addition, I note that it would take a lot longer than 21 days for me to conduct a hearing and decide the application, and I of course have no idea what that decision would be.  Remanding with a short adjudication date as the Government proposes is clearly the better remedy here.

The Government's motion to remand is therefore granted.  It is hereby ORDERED that:

1. Plaintiff's complaint and all claims therein are hereby dismissed without costs, expenses or attorneys's fees to any party, subject to the provisions of the following paragraph.
2. This dismissal is without prejudice to plaintiff's right to reinstate this action if USCIS does not render a decision on plaintiff's application for naturalization (Form N-400) within twenty-one (21) days of judgment.
3. The Clerk of Court is directed to enter a judgment in accordance with this Order.

**SO ORDERED.**

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

Dated:  Brooklyn, New York
         February 17, 2021